NIELSEN et al. v. LIBBY, McNEILL & LIBBY.

(Circuit Court of Appeals, Seventh Circuit. September 28, 1922. Rehearing Denied November 3, 1922.)

No. 3024.

Patents ⪦328—1,268,601, 1,268,602, for liquid mixer, held void for want of invention.

The Nielsen patents, Nos. 1.268.601 and 1.268,602, for tank for mixing liquids, held void for want of invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Niels D. Nielsen and another against Libby, McNeill & Libby for infringement of a patent. From a decree dismissing the bill (271 Fed. 317), complainants appeal. Affirmed.

F. O. Richey, of Cleveland, Ohio, and Chas. A. Brown, of Chicago, Ill., for appellants.

Frederick F. Church, of Rochester, N. Y., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appellants base their right to relief and the reversal of the decree of the District Court, dismissing their bill, upon the claim that by an invention covered by the two Nielsen patents in suit, Nos. 1,268,601 (here called 601) and 1,268,602 (here called 602), they have attained new results in the mixture of liquids by so placing a propeller in a tank that that which is said to be the usual action of a propeller, viz. the throwing of the bulk of the liquid, coming in contact with the propeller, horizontally across the tank, is at times reversed. Appellants' claim as to the matters here involved is in part as follows. They say:

"The preferred form of the invention is illustrated in the drawings of patent No. 1,268,602, and as all the claims in suit read on this structure * * * we will describe this particular embodiment. The vertical walls are cylindrical and the bottom is saucer or dished shaped. At a position adjacent the junction of the side walls and the bottom, a propeller shaft projects through and terminates closely adjacent the walls. A propeller is mounted on the end of the shaft near the side walls and bottom. * * * The propeller tends to set up what have been known as direct or thrust currents, which flow directly out from the propeller in the manner of what is known as the race from a boat propeller. The propeller also operates as a centrifugal pump, discharging water at the ends of the blades. * * * The material which naturally accumulates in the central part of the tank is drawn into the propeller and projected in a flat stream against the bottom and side walls to be heated or cooled. What takes place beyond these primary actions is not known for certain. We do know that at times the contents are sucked in from in front of and at the center of the propeller. It is not improbable that the propeller at times operates alternately as a centrifugal pump and as a propeller. It is very certain that at times it is operating both as a centrifugal pump and a propeller. These currents are then deflected by the curved bottom and side walls, so that they become effective to perform these functions and to continue the cycle without eddies or dead spots over and over so long as the propeller rotates."

The defenses urged are: (1) That the matter shown and claimed is old in the art; (2) the subject matter does not amount to patentable invention; (3) the divisional patent 602 is void for double patenting; (4) noninfringement. The District Court, because of the state of the prior art, dismissed the bill.

The original device, embodying the invention of the patents was, as shown in Exhibit UU, an ordinary milk can, with a saucer bottom. Into the side of the can was inserted a shaft, on the end of which were two straight paddles or blades that appear to have neither pitch nor twist. From tip to tip the two blades measure over one-third the width of the can. The inner edge of the blades extends into the can one-sixth of its width, and in their revolutions come near the can's bottom.

In the drawings of 601 the container has a saucer-shaped bottom, and in 602 has an inverted saucer bottom; but the so-called propellers are apparently much smaller and of a different construction. The milk can and other similar containers, with bottoms dished either up or down, are very old. The so-called propeller is old. The use of a revolving paddle as a mixer, in a round dished bottom, and other forms of containers, dates back many years. Marchand, No. 273,-569, 1883; Boult, British, No. 21,912, 1900; Mauldin, No. 1,057,567, 1913; Nelson (Nielsen) No. 672,454, 1901. We are of opinion that the District Court, for the reason stated, properly dismissed the bill.

But it is strenuously urged that appellee's invention utilizes the phenomenon described by Barnaby in his book on Marine Propellers, viz.:

"If a screw propeller is placed behind a bluff stern, so that its supply is imperfect, it will draw water in at the center of the driving face and throw it off round the tips of the blades, exactly like a centrifugal pump."

In other words, the claim is made that Nielsen discovered that, by placing a propeller close to the side and bottom walls of a container, it would at times operate as a centrifugal pump and produce unusual radial currents, not before known and utilized.

The only reasons disclosed in the specifications for placing the so-called propeller near the side and bottom are twofold, viz.: (a) To produce a greater angle of deflection; (b) so that effective results may be obtained, even though the contents of the tank are greatly reduced. In argument it is said:

"The mode of operation consists of the following steps: (1) The creation of the radial currents or centrifugal flow; and (2) the control of such currents after production. The latter step is accomplished through the agency of the side and bottom walls, which deflect the currents toward the opposite side of the tank or upward in the tank. There is no dispute of this latter mode of operation. It is, however, just as important as the first."

Here are two influences: One, the inactive container walls, that merely stop and throw back, or deflect, the currents thrown against them; the other, the creation of those currents radial or otherwise, is the active work of the so-called propeller. The testimony in the record as to the character of currents produced and the tests made in the presence of the court were unsatisfactory.

There are several kinds of propellers, but only two to which the use made by appellants of their so-called propeller can have any relation, viz.: (a) The ordinary steamboat paddle wheel, which propels when its lower paddles only are submerged, and produces radial currents only, that is, currents that move at right angles to the wheel's axis; (b) the other propeller is the screw, and is made by changing the blades of the paddle from their position parallel to the wheel's axis, by giving them a pitch or twist, that winds them around the axis like the thread of an ordinary wood screw. It operates as a propeller only when submerged, by turning itself into the water behind it, just as an ordinary screw is twisted into wood. The currents created by its operation depend mainly upon the pitch or twist of the propeller

blades, and vary all the way from the right-angle radial currents of the paddle wheel to those that flow longitudinally with the axis.

A centrifugal pump, referred to in the evidence, is merely an incased paddle wheel, with an opening in the casing, at its center or axis, for the water to enter and another opening at the outer end of the blades, where the water is thrown out. With the wheel operating in the volute, the greatest force is at the tips of the blades, and, there being little or no force at the center or axis, the water, seeking its level, necessarily flows in and becomes the supply thrown off at the tips of the blades. Barnaby, publishing his book in 1908, did not then claim a new discovery, but was merely stating a fact in operation, because the cutting off of the supply necessary to enable the screw to function as a propeller left it merely a submerged and partially housed paddle wheel, and to some extent functioning as such.

The character of currents produced by a revolving screw or paddle wheel will depend most largely upon the construction of the paddles or blades, and the further the departure from the form of the familiar steamboat paddle wheel the less pronounced must be the radial currents.

Appellants' claims are very broad, and a finding for them here would exclude the use by others of similar and almost every conceivable kind of propeller, as a mixer within a container, and this, even though, as appears in the record, many have long been in use.

We are of opinion that there is no patentable invention disclosed in either patent.

The decree is affirmed.